THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS R. STODDARD, JR., Superintendent of Insurance, *v.* NORSKE LLOYD INSURANCE COMPANY, LIMITED.*

Supreme Court, New York County, April 25, 1927.

**Insurance — marine insurance — liquidation of Norwegian insurance company doing business in this State — claim predicated on guaranty of payment of general average statement executed by defendant's agents in New York must be presented to Norwegian receiver — act of agents was act of home office in Norway.**

On this motion to confirm the report of a referee appointed to determine claims of policyholders of defendant insurance company, organized in Norway but doing business in this State and over which the State Superintendent of Insurance is acting as liquidator, a claim predicated on the guaranty of the payment of a general average statement prepared after a cargo was damaged by fire, which guaranty was executed by defendant's agents in New York city, must be presented to the Norwegian receiver, since the execution of the guaranty was an act of the home office in Norway and part of the course of conduct entered upon when the company issued the policy and the certificate of insurance there.

Furthermore, since the defendant insurance company's business was limited in this State to a marine and fire insurance business, the instrument which is the basis of this claim is unauthorized if regarded as a separate and independent guaranty of suretyship; however, as an act of the defendant company at its home office under and by virtue of the policies it had issued, it is entirely proper.

MOTION to confirm report of referee.

——————— ———————, for the plaintiff.

——————— ———————, for the defendant.

DONOHUE, J.   This controversy arises out of the insolvency and consequent liquidation of the Norske Lloyd Insurance Company, Limited, which was organized in 1905 under the laws of the Kingdom of Norway.   In 1916 it was authorized to do business in this State, and in order to secure that authority it deposited with the Insurance Department securities of the value of $400,000 and executed a deed of trust to the Guaranty Trust Company of New York.   All this was done in accordance with and pursuant to the Insurance Law.   During the year 1922 the High Court of Justice of London, Eng., appointed a liquidator of the company's affairs in England; the bankruptcy court of Norway appointed a receiver; the Superintendent of Insurance of New York entered upon the discharge of his duties as liquidator of the company in the United States.

---

* See, also, *Matter of Stoddard* (*Norske Lloyd Ins. Co., Lim.*), 123 Misc. 877.

7

98   People ex rel. Stoddard v. Norske Lloyd Ins. Co., Ltd. ·

Supreme Court, April, 1927.                    [Vol. 130

All claims presented to the Superintendent of Insurance must be put into one of two classes: *First*, claims that are honored by the Superintendent of Insurance out of funds of the company in his possession; and, *second*, claims which are referable to the Norwegian receiver. Johnson & Higgins assert that they have a first-class claim, and the learned referee has decided that their claim belongs rather to the second class, with which conclusion I am in firm accord. The company was the insurer of a cargo of nitrate of ammonia on the *Hallfried*, under an open policy and certificate of insurance, both issued at Oslo, Norway. The certificate was assigned in blank by the insured.

The *Hallfried* arrived at New York with the nitrate of ammonia and other cargo on board, and while discharging a fire broke out, which damaged the vessel and a portion of the cargo. By an ancient maritime device for the distribution of risks, the loss is not permitted to rest entirely on the owner whose cargo is destroyed, but a general average is stated, which apportions the damage to the entire cargo. The saved portion of the cargo becomes charged, therefore, with the liability of paying its proportion of the general average. (*Leggett & Co.* v. *500 Cases of Tomatoes*, [C. C. A., November, 1926] 15 F. [2d] 270.) Johnson & Higgins were appointed trustees and were given possession of the cargo to enforce the general average liability.

The purchasers of the nitrate of ammonia desired immediate possession of the shipment, which was covered by the aforementioned Norske Lloyd insurance certificate. In order to release the lien of the general average, the company, by Willcox, Peck & Hughes, its agents, executed to Johnson & Higgins a guaranty of the payment of the general average for which that shipment might be liable. A general average statement was prepared, showing that the general average contribution chargeable to the saved cargo was $27,545.54. Johnson & Higgins claim that amount under the guaranty. That they have a valid claim is conceded. It is only their right to be classified as a " first-class obligation " that is challenged. If it is an American obligation, the claimants are right. If it is an Oslo obligation, the claimants are in error. (*Matter of People [Norske Lloyd Insurance Co.]*, 242 N. Y. 148.)

To sustain their position claimants point to the fact that the guaranty was executed in New York and treat the instrument as entirely distinct from the insurance policies which had been issued in Oslo. Other facts, however, lead to a different conclusion. At the time of the execution of the general average guaranty Willcox, Peck & Hughes did not constitute the New York branch of the Norske Lloyd. Whist & Co. were the managers of the

New York branch in marine business; the International Fire and Marine Agency Corporation were the managers of the fire department. Willcox, Peck & Hughes, who signed the guaranty, were the New York agents of the Oslo office of the Norske Lloyd Company. We must be guided by the decision of the New York Court of Appeals that the New York agency is an independent insurer, and that the security deposited with the Department of Insurance is primarily to safeguard the policyholders of that organization. (*Matter of People* [*Norske Lloyd Insurance Co.*], *supra.*)

Furthermore, as a separate and independent guaranty of suretyship, the instrument which is the basis of this claim is unauthorized. The Norske Lloyd had no power to transact that type of business in New York, since it was admitted to do only a marine and fire insurance business. (Insurance Law, §§ 9, 25, 70, 150.) But as an act of the Norske Lloyd Insurance Company, Limited, at Oslo, under and by virtue of the policies it had issued, it is entirely proper. The execution of the guaranty is an act of the Oslo office, part of the course of conduct entered upon when it issued its policies of insurance. The claims that arise out of it are Norwegian claims, and are, therefore, outside the scope of regulation of the Insurance Department. As part of a continuous act, begun by the issue of the open policy at Oslo, the whole transaction is intelligible. To treat it as a separate act performed in New York is to cut in two what is necessarily one, to raise questions of consideration and authority and to deprive the business of the New York branch of the security which the law intended.

The report of the referee is confirmed.